IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KATHRES DAVIS, individually and on behalf of all others similarly situated<br>106 West Johnson Street, 2nd Floor<br>Philadelphia, PA 19144,<br><br>        Plaintiff,<br><br>vs.<br><br>PORTFOLIO RECOVERY ASSOCIATES, LLC<br>120 Corporate Boulevard<br>Norfolk, VA 23502,<br><br>        Defendant. | CIVIL ACTION NO.<br><br><br>CLASS ACTION |

## CLASS COMPLAINT

### I. INTRODUCTION

1. This is a consumer class action for damages brought pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §1692 ("FDCPA"). The FDCPA prohibits debt collectors from engaging in deceptive and unfair practices in the collection of consumer debt.

2. The FDCPA prohibits debt collectors from representing or implying that nonpayment of any debt will result in the garnishment or attachment of a consumer's wages unless such action is lawful and the debt collector intends to take such action. 15 U.S.C. §1692e(4). Defendant debt collector sent Plaintiff and the class a form collection letter in an effort to collect consumer debts. The letter states that if a judgment is obtained against the consumer, action will be taken to enforce the judgment, "including wage garnishments or property liens, if permitted by state law". Wage garnishment is prohibited in Pennsylvania in all but very narrow circumstances not present here. Defendant's reference to wage garnishment as a

method to collect a judgment is false, deceptive and misleading in violation of the FDCPA. 15 U.S.C. §1692e, (4), (5).

3. Defendant is subject to strict liability for sending a collection letter to Plaintiff and the class which violates the provisions of the FDCPA.

## II. JURISDICTION

4. Subject matter jurisdiction of this Court arises under the FDCPA, 15 U.S.C. §1692k, actionable through 28 U.S.C. §§1331 and 1337.

5. *In personam* jurisdiction exists and venue is proper, as Defendant does business in this district and has caused harm in this district.

## III. PARTIES

6. Plaintiff Kathres Davis is a consumer who resides in Philadelphia, Pennsylvania at the address captioned above.

7. Defendant Portfolio Recovery Associates, LLC is a Delaware corporation with its principal place of business in Norfolk, Virginia as captioned (herein referred to as "PRA" or "Defendant").

8. Defendant PRA regularly uses the mail and telephone to attempt to collect consumer debts alleged due another.

9. The Defendant is a "debt collector" as contemplated by the FDCPA, 15 U.S.C. §1692a(6).

## IV. STATEMENT OF CLAIM

10. On June 21, 2010, Defendant PRA, on behalf of Citibank South Dakota N.A., sent Plaintiff a collection notice in connection with a consumer debt alleged due. (*See* collection notice from PRA attached hereto as Exhibit "A", redacted for privacy, per Fed. R. Civ. Pro. 5.2).

11. The June 21, 2010 letter states in part:

> "However, if you do not resolve this account and legal action is taken against you, a judgment may ultimately be obtained and our local attorney may take any action that is legally available in your state to collect this debt to enforce any such judgment against you, including wage garnishments or property liens, if permitted by state law."

12. Even assuming Defendant obtained a judgment, wage garnishment is prohibited under Pennsylvania law in all but very narrow circumstances not present here. 42 Pa. C.S.A. §8127.

13. PRA's attempt to include the qualifying language "if permitted by state law" does not ameliorate the violative and offensive language threatening wage attachment. A consumer is not expected to know the law or research whether wage attachment is allowed in his state.

14. Wage garnishment is one of the most oppressive and powerful weapons, when authorized by statute, to coerce and effect enforcement of a civil judgment. By attaching and intercepting the consumer's wages at the source, earned wages become unavailable for household needs or other obligations. Wage garnishment is generally prohibited in Pennsylvania.

15. The FDCPA prohibits debt collectors from representing or implying that nonpayment of any debt will result in the garnishment or attachment of a consumer's wages unless such action is lawful and the debt collector intends to take such action. 15 U.S.C. §1692e(4).

16. The FDCPA prohibits debt collectors from using false, deceptive or misleading communications or means in connection with the collection of a debt alleged due, including the threat to take action that could not legally be taken or that was not intended to be taken. 15 U.S.C. §1692e and §1692e(5).

## V. CLASS ALLEGATIONS

17. Plaintiff brings this action on her own behalf and on behalf of a class designated pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure.

18. The class is composed of all Philadelphia, Pennsylvania residents to whom Defendant sent collection letters on behalf of Citibank South Dakota N.A. in the form of, or substantially similar to, Exhibit "A," within one year prior to the date of filing of this Complaint. Plaintiff proposes to define the class (the "Class") as follows:

(a) all persons with addresses in the City of Philadelphia;

(b) to whom letters were sent by PRA referencing Citibank South Dakota N.A.;

(c) in an attempt to collect a debt incurred primarily for personal, family or household purposes;

(d) which identified "wage garnishments" as an action that may be taken by PRA's local attorney;

(e) during the period commencing one year prior to the filing of the Complaint in this action.

19. The Class is believed to be so numerous that joinder of all members is impractical. The Complaint concerns mass-produced form collection letters.

20. There are questions of law or fact common to the Class. These include:

   (a) Whether Defendant made false, deceptive or misleading statements in connection with the collection of a consumer debt, in violation of 15 U.S.C. §1692e;

4

(b) Whether Defendant stated that non-payment of a debt may result in the garnishment of a consumer's wages, in violation of 15 U.S.C. §1692e(4); and

(c) Whether Defendant threatened to take action that cannot legally be taken or is not intended to be taken in violation of 15 U.S.C. §1692e(5);

(d) Whether Defendant's statements were deceptive with respect to the ease and imminence of obtaining judgment and proceeding to wage garnishment.

21. The claims of the Plaintiff are typical of those of the Class. All are based on the same factual and legal theories.

22. Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff has no interest antagonistic to those of the Class. Plaintiff's counsel is competent and experienced in consumer credit cases and class actions.

23. Defendant has acted on grounds generally applicable to the Class thereby making final relief appropriate with respect to the Class as a whole.

24. The questions of law or fact common to the Class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of this controversy. The Class members are consumer debtors who may be unable to locate or afford to hire lawyers. Most are probably unaware that their rights, and the FDCPA, have been violated.

25. The Class may be certified under Fed.R.Civ.P. 23(b)(3), as such represents a superior method for the fair and efficient adjudication of this controversy in that:

(a) Congress specifically contemplated FDCPA class actions as a principal means of enforcing the statute by private attorneys general. 15 U.S.C. §1692k.

(b) The essence of Defendant's collection tactics is the deception of consumers.

(c) The interest of Class members in individually controlling the prosecution of separate claims against debt collectors is small because the maximum statutory damages available in an individual action under the FDCPA is $1,000.00.

(d) Management of this regional class action is likely to be easily manageable.

## VI. CAUSE OF ACTION

### COUNT I - FAIR DEBT COLLECTION PRACTICES ACT

26. The Defendant, by mailing or causing to be mailed collection notices substantially in the form of Exhibit "A" to Plaintiff and the members of the Class, has violated 15 U.S.C. §1692e by using false, deceptive or misleading representations or means in connection with the collection of consumer debt.

**WHEREFORE,** Plaintiff Kathres Davis prays that this Court certify the Class and enter judgment for Plaintiff and the Class members:

(a) awarding damages to Plaintiff and to the Class as provided for in 15 U.S.C. §1692k;

(b) awarding Plaintiff and the Class their costs and reasonable attorney's fees; and

(c) granting such other relief as may be deemed just and proper.

## VII. DEMAND FOR JURY TRIAL

Pursuant to Fed.R.Civ.P. 38, Plaintiff demands a trial by jury as to all issues so triable.

Respectfully submitted:

Date: 7/27/10

_____
CARY L. FLITTER
THEODORE E. LORENZ
ANDREW M. MILZ

LUNDY, FLITTER, BELDECOS &
BERGER, P.C.
450 N. Narberth Avenue
Narberth, PA  19072
(610) 822-0782